UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARINO JAIR RODRIGUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CLARA VALLEY TRANSPORTATION AUTHORITY, et al.,<br><br>Defendants. | Case No. 23-cv-01379-VKD<br><br>**ORDER FOR REASSIGNMENT TO DISTRICT JUDGE**<br><br>Re: Dkt. Nos. 17, 20 |

The operative complaint in this action is the second amendment complaint ("SAC"). Dkt. No. 14. The SAC asserts seven claims against defendants Santa Clara Valley Transportation Authority ("VTA"), Shaw HR Consulting, Inc. ("Shaw HR"), and 100 unnamed Doe defendants. *Id.* VTA is the only defendant that has appeared in the action, and it is not clear whether defendant Shaw HR, or any other defendant, has been served.[1]

On June 13, 2023, plaintiffs filed a motion for leave to file a third amended complaint ("TAC"). Dkt. No. 17. The proposed TAC asserts the following claims for relief against VTA, Shaw HR, and 100 unnamed Doe defendants: (1) violation of the First Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983; (2) violation of Article 1, Section 4 of the California Constitution; (3) religious harassment or coercion in violation of Cal. Gov't Code § 12940(j)(1); (4) discrimination based on religion in violation of Cal. Gov't Code § 12940(a); (5) retaliation in

---

[1] It is unclear from the SAC whether the Doe defendants are specific defendants whose identities are not yet known to plaintiffs, or whether they are merely placeholders. Generally, naming Doe defendants in a federal action is disfavored, but it is permissible when the identities of the alleged defendants are unknown to the plaintiff prior to the filing of a complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

1    violation of Cal. Gov't Code § 12940(h); (6) failure to accommodate religious beliefs in violation

2    of Cal. Gov't Code § 12940(l)(1); (7) failure to prevent discrimination in violation of Cal. Gov't

3    Code § 12940(k); and (8) intentional infliction of emotional distress. *See* Dkt. No. 17-3. On June

4    27, 2023, VTA filed an opposition to plaintiffs' motion for leave to amend on the sole ground that

5    amendment would be futile to the extent the proposed TAC asserts a claim for violation of the free

6    exercise clause of the California Constitution. Dkt. No. 20. Specifically, VTA argues that the

7    TAC's second claim fails to state a claim for relief because there is no private right of action for

8    violation of Article 1, Section 4 of the California Constitution. *See id.* at 6-7. Plaintiffs did not

9    file a reply in support of their motion amend. The motion is set for hearing on July 18, 2023. Dkt.

10   No. 18.

11   All named parties, including unserved defendants, must consent to magistrate judge

12   jurisdiction before a magistrate judge may decide a dispositive motion. *See* 28 U.S.C. § 636(c)(1);

13   *Williams v. King*, 875 F.3d 500, 501-04 (9th Cir. 2017) (magistrate judge lacked jurisdiction to

14   dismiss case on initial review because unserved defendants had not consented to proceed before

15   magistrate judge). "Generally, a motion for leave to amend the pleadings is a nondispositive

16   matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Morgal v.*

17   *Maricopa County Board of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012). However, "when a

18   magistrate judge denies a party the opportunity to assert a new claim or defense, or when the

19   denial is specifically premised on futility," many courts regard the denial of lead to amend as

20   dispositive. *Id.*; *JJCO, Inc. v. Isuzu Motors America, Inc.*, No. 08-cv-00419 SOM/LEK, 2009 WL

21   3818247, at *3 (D. Haw. Nov. 12, 2009) (collecting cases).

22   Not all parties have consented to magistrate judge jurisdiction. Because VTA opposes

23   plaintiffs' motion for leave to amend with respect to the TAC's second claim, and because that

24   opposition requires the Court to decide whether such an amendment would be futile, resolution of

25   plaintiffs' motion will require a decision on a dispositive matter. As the Court lacks jurisdiction to

26   render such a decision, the case must be reassigned to a district judge.

27   Accordingly, the Clerk shall reassign this case to a district judge pursuant to the Court's

28   Assignment Plan. The July 18, 2023 motion hearing is vacated.

**IT IS SO ORDERED.**

Dated: July 12, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge