UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO JAIR RODRIGUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SANTA CLARA VALLEY TRANSPORTATION AUTHORITY, et al., <br><br> Defendants. | Case No. 23-cv-01379-HSG <br><br> **ORDER GRANTING LEAVE TO FILE AMENDED ANSWER** <br><br> Re: Dkt. No. 186 |

Pending before the Court is Defendant Santa Clara Valley Transportation Authority's motion for leave to file an amended answer. Dkt. No. 186. The Court **GRANTS** the motion.

## I.    BACKGROUND

The parties are familiar with the factual background underlying this dispute, which the Court has detailed in its prior orders. Dkt. No. 93. In short, Plaintiffs are current and former employees of Defendant Santa Clara Valley Transportation Authority ("Defendant" or the "VTA") who sought religious exemptions from Defendant's COVID-19 vaccination requirement. In November 2024, the Court denied the parties' cross-motions for summary judgment, Dkt. No. 93, and subsequently referred them to participate in a mandatory settlement conference before Judge Beeler. Dkt. No. 101. The parties participated in two settlement conferences, with the last one taking place on July 17, 2025. Dkt. No. 120. As reflected on the docket, the parties made "substantial progress" towards settlement during the July conference, with Judge Beeler ordering the parties to meet and confer regarding four plaintiffs who required additional information before settling the matter. *Id.* The settlement efforts were successful as to five of the twelve plaintiffs. Dkt. Nos. 131–135.

Ultimately, settlement communications as to the remaining plaintiffs broke down, and the

matter returned to an active litigation posture in November 2025. Dkt. No. 121. Trial was initially set for March 2026, but at the February 2026 pretrial conference, the Court determined that the parties were not trial-ready. The Court therefore directed the parties to submit a briefing schedule for supplemental motions for summary judgment, and the parties submitted those motions in late February. Dkt. Nos. 143, 145. Defendant represents that in conducting research to support its supplemental briefing, it identified *Allos v. Poway Unified School District*, 112 Cal. App. 5th 822 (2025), a California Court of Appeals decision that applied immunity under California Government Code § 855.4 to FEHA claims involving an employee who declined the COVID-19 vaccination. *Allos* was decided on June 24, 2025, nearly 18 months after the parties' deadline to amend the pleadings, and nearly a year after the parties submitted their initial motions for summary judgment. In its supplemental motion for summary judgment, Defendant argued that Plaintiffs' FEHA claims are barred by immunity under the California Governmental Code following *Allos*. Dkt. No. 145. Plaintiffs responded that Defendant waived this defense by failing to plead it as an affirmative defense in its answer, and that the immunity only applies to discretionary decisions and not ministerial ones. Dkt. No. 166. In light of Plaintiffs' arguments, Defendant now seeks leave to file an amended answer.

## II.   LEGAL STANDARD

Generally, under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards control." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that the Court

> must issue a scheduling order [that] limit[s] the time to join other parties, *amend the pleadings*, complete discovery, and file motions . . . A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b).  The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

If the Court finds that good cause is shown, the party must then demonstrate that amendment is proper under Rule 15.  *See Johnson,* 975 F.2d at 608; Fed. R. Civ. P. 15, 16(b).  The five factors relevant to assessing a request for amendment under Rule 15 are (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) previous amendments.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court weighs prejudice to the opposing party most heavily. *See Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital,* 316 F.3d at 1052.

## III.   DISCUSSION

Although Defendant moved under Rule 15, in its discretion the Court will treat the motion for leave to file an amended answer as a motion to amend the scheduling order under Rule 16.  *See Johnson*, 975 F.2d at 608–09.

### A.    There Is Good Cause to Amend the Scheduling Order

Plaintiffs argue that Defendant has not been diligent, such that the Court should not consider any of Defendant's Rule 15 arguments.  Defendant initially raised an immunity defense in its answer in state court before the case was removed to this Court.  Defendant represents that it inadvertently dropped the defense in its Second Amended Answer, which Plaintiff argues is a "procedural oversight" that demonstrates a lack of diligence.  Dkt. No. 192 ("Opp.") at 10. Plaintiffs point out that Defendant did not raise *Allos* in its Joint Status Report to the Court in December 2025, and argue that it seeks to do so now in bad faith.  *Id*.

Defendant responds that it has been diligent, raising the immunity defense under § 885.4 as soon as it became aware of its application in COVID-19 vaccination cases.  Dkt. No. 194 ("Reply") at 7.  Defendant also argues that as in *C.F. ex rel Farman v. Capistrano Unified School District*, 654 F.3d 975 (9th Cir. 2011), "the tenor of the case changed significantly" after the parties' first round summary judgment briefing, further justifying a finding of good cause for amendment.  Reply at 6–7.  In *Farman*, the Ninth Circuit upheld the district court's decision to

3

United States District Court
Northern District of California

allow the defendant to amend his answer to assert a qualified immunity defense after the court's ruling on summary judgment had significantly narrowed the issues in the case. *Farman*, 654 F.3d at 984.

The Court finds that the California Court of Appeals' issuance of directly relevant and highly persuasive authority in *Allos* provides good cause to amend. *See Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (instructing that "[w]hen interpreting state law . . . a federal court must predict how the highest state court would decide the issue" and that "where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts"). The Court also finds no evidence that Defendant's timing reflects bad faith or delay. As Defendant notes, Plaintiffs' characterization of the procedural posture, *see* Opp. at 10, ignores the last eighteen months of settlement discussions that preceded the return to active litigation. After the parties' cross-motions for summary judgment were denied and the parties were ordered to a mandatory magistrate judge settlement conference, they focused on settlement. And Defendant represents that it raised arguments under the California Government Code as soon as it became aware of its application in *Allos* in a COVID-19 case. Dkt. No. 186-2 ("Bond Decl.") ¶¶ 10, 11. It is not clear to the Court whether Defendant could have raised this issue somewhat sooner, but it did so early enough given the trial schedule. The Court therefore finds that there is good cause to amend, and that allowing amendment is consistent with the Ninth Circuit's preference for adjudicating cases on the merits.[1] *See Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 803–04 (N.D. Cal. Sept. 11, 2024) (finding good cause to permit defendant to seek leave to amend to add new defense 22 months after the pleading deadlines closed, where the defense would be "consistent with the courts' strong preference for resolving cases on the merits" and would not disrupt other case deadlines).

---

[1] The Court also rejects Plaintiffs' argument that Defendant has waived this defense. The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Magana v. Com. Of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). As discussed below, the Court finds that Plaintiffs have not shown they will be prejudiced by the reassertion of this defense, and it was not improper for Defendant to raise it at summary judgment.

United States District Court
Northern District of California

**B.    Leave to Amend is Warranted Under Rule 15**

Defendant has also shown that leave to amend should be granted under this Circuit's liberal Rule 15 standard.  To start, Defendant has not sought to amend its answer prior to this motion, and it did not delay in seeking leave to amend once it learned of new authority relevant to its defense.  And as discussed above, the Court finds that Defendant has not acted in bad faith by seeking leave to amend now.  Additionally, amendment would not be futile.  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Here, the VTA's proposed amended answer provides that "Defendant and their agents or employees were justified and subject to all applicable governmental immunities." *See* Dkt. No. 186-3 at 27–28.  *Allos* held that those immunities apply to discretionary decisions aimed at promoting public health, so long as those decisions are carried out with due care.  *Allos*, 112 Cal. App. 5th at 834.  The Court finds that there is a "set of facts" that could be proved that would constitute a valid defense, meaning that amendment would not be futile.  *See Miller*, 845 F.2d at 214.

The Court also finds that leave to amend would not prejudice Plaintiffs.  "Though courts in this Circuit grant leave to amend 'with extreme liberality,' evidence of prejudice to the non-movant may justify denying leave to amend." *Srigley*, 748 F. Supp. 3d at 804 (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)).  "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  Plaintiffs argue that amendment would prejudice them for several reasons: (1) they would be required to conduct additional discovery; (2) they have not had an opportunity to fully brief the issues; (3) Plaintiffs' claims might fail if the defense is added, and Plaintiffs have been litigating this case for years at great expense; (4) any energy required to address this new defense would detract from the time required to prepare for trial; and (5) Plaintiffs would have retained Shaw Consulting Inc. ("Shaw") as a defendant in this case had they been aware of the governmental immunity defense.

As an initial matter, being forced to litigate on the merits, and any ensuing cost, is not

United States District Court
Northern District of California

prejudicial. *See Duran v. Sephora USA, Inc.*, 2017 WL 3453362, at \*5 (N.D. Cal. Aug. 11, 2017) (rejecting similar arguments); *cf. TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("being forced to litigate on the merits cannot be considered prejudicial for the purposes of lifting a default judgment").  The Court also finds unpersuasive Plaintiffs' assertion that they have not had a full opportunity to brief the issues, because they have devoted several pages of their opposition to the renewed motions for summary judgment to this issue.  *See* Dkt. No. 166 at 12–14.  And the Court is not persuaded by Plaintiffs' assertion that any time required to conduct discovery on this issue, if granted by the Court, would detract from the parties' trial preparation.  The parties have been preparing for trial (or at least, should have been) since November when they returned to active litigation.  Trial was initially set for March before the Court pushed it to September.  There is ample time to adjust to this development if necessary before trial.

Plaintiffs also fail to explain why they need additional discovery.  The discretion employed by Defendant in implementing its COVID-19 vaccination exemption policy has been at the heart of this case since its inception, and the parties have advanced extensive legal arguments based on discovery taken on that issue.  *See* Dkt. Nos. 77-1, 80, 97, 98, 143, 145, 165, 166, 182, 183. Throughout their briefing, relying on discovery already taken, Plaintiffs argued that Defendant's vaccination exemption decision-making process granted Defendant too much discretion.  *See* Dkt. Nos. 77-1, 80.  The Court's order denying summary judgment found a genuine dispute of material fact "as to the discretion that the VTA committee exercised and, by extension, to the policy's general applicability."  Dkt. No. 93 at 9.  The Court therefore doubts that Plaintiffs truly need any additional discovery on this matter.  But the Court will give Plaintiffs one week to file an offer of proof explaining in detail what discovery they claim to need, and why.  The Court will then decide whether discovery should be reopened on this issue, and if so, how much time is reasonably needed to conduct it.  Trial is still nearly four months away, and, even if the Court allows discovery to be reopened for this limited purpose, it is very strongly disinclined to change any case management dates.  It also will not continue the pretrial conference or trial date any further.

Finally, the Court finds that Plaintiffs have not met their burden to show how allowing Defendant to add this defense would prejudice them based on their voluntary dismissal of former

United States District Court
Northern District of California

Defendant Shaw. Plaintiffs seem to argue that if they had known their FEHA claims against the VTA might fail due to a governmental immunity defense, they would have continued to pursue their claims against Shaw. But Plaintiffs stipulated to dismissal of Defendant Shaw in April 2023, *see* Dkt. No. 11, eight months before Defendant VTA filed the operative answer in January 2024, *see* Dkt. No. 50. Nothing about this sequence of events suggests that amendment would be prejudicial.

## IV.    CONCLUSION

The Court **GRANTS** Defendant's motion to amend its answer. Defendant must file its amended answer on the docket as a standalone entry by May 22, 2026. Plaintiffs are **DIRECTED** to file an offer of proof articulating what additional discovery they claim to need and why by May 27, 2026.

**IT IS SO ORDERED.**

Dated: 5/20/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge